IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER P. MORRIS,      )
                                  )
             Petitioner,    )
                                  )
      v.                    )      Case No. 23-3133-JWL
                                  )
KEVIN PAYNE, Commandant,    )
United States Disciplinary Barracks,  )
                                  )
            Respondent.   )
                                  )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. Petitioner asserts three claims: a challenge to the lack of a requirement of a unanimous panel; a claim that his preliminary hearing was defective; and a claim that the Government failed to investigate the offenses and disclose exculpatory evidence. On June 28, 2023, the Court stayed litigation of the first claim (regarding unanimity) and set briefing deadlines for the other two claims. Those two claims are now ripe for resolution, and for the reasons set forth below, the Court **denies** the petition as it relates to the second and third claims asserted therein. The petition remains pending with respect to the first claim.

Petitioner, who is imprisoned within this jurisdiction, was convicted in 2020 by court martial of various offenses relating to an alleged sexual assault. The United States Army Court of Criminal Appeals (ACCA) affirmed the convictions, and the Court of

Appeals for the Armed Forces (CAAF) denied review of the ACCA's ruling. *See United States v. Morris*, 2021 WL 1534837 (Army Ct. Crim. App. Apr. 15, 2021), *rev. denied*, 82 M.J. 25 (Ct. App. Armed Forces 2021). Petitioner now seeks relief from his convictions under Section 2241.

The Tenth Circuit recently clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir. 2023), *pet. for cert. filed* (U.S. July 26, 2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858. "[T]his is especially so, when the factor in question is one that [the Tenth Circuit has] described as 'the most important,' that is, the fourth, adequate-

consideration factor." *See id.* (quoting *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010)).

In the petition's second claim, petitioner contends that his preliminary hearing was defective in two ways: the hearing was held on a date when his preferred civilian counsel was unavailable; and the Government was not required to produce certain evidence for use at the hearing. The Court may not consider the merits of this claim, however, because petitioner has failed to satisfy his burden with respect to three of the four *Dodson* factors.

First, the ACCA thoroughly considered and rejected petitioner's claims regarding his preliminary hearing. *See Morris*, 2021 WL 1534837, at *3-8. That court concluded that petitioner had failed to establish the necessary prejudice regarding the date of the hearing because the result of the hearing would not have been different and because petitioner had every opportunity to learn about the charges against him (as petitioner chose to leave the hearing with his other counsel and declined the opportunity to have the hearing reopened). *See id.* at *6. With respect to the lack of discovery of particular evidence, the court concluded that petitioner had waived the issue by failing to raise it with the trial court after the preliminary hearing; that the hearing officer had not erred in denying the discovery because the evidence was not shown to have been necessary to the hearing; and petitioner failed to establish the requisite prejudice, as the evidence would not have had any impact on the hearing and petitioner's claim that the results might have changed was entirely speculative. *See id.* at *7. Although petitioner takes issue with the court's conclusions, the court's review of the issue was more than adequate.

Moreover, as the ACCA concluded, this claim does not present a constitutional issue. *See id.* *5-7. Petitioner insists that his claim implicates his constitutional rights to counsel, due process, and equal protection. It is significant, however, that petitioner was not denied a hearing or counsel; rather, the preliminary hearing was conducted, and although petitioner's preferred civilian counsel could not attend, he and other counsel were present but chose to walk out of the hearing (and petitioner and counsel later declined the opportunity to have the hearing reopened). As respondent notes, "[t]here is no federal constitutional right to a preliminary hearing," *see Snow v. State of Oklahoma*, 489 F.2d 278, 279 (10th Cir. 1973) (citations omitted), and petitioner has not cited any authority suggesting that he had a constitutional right to have a *particular* attorney present at his preliminary hearing alongside his other counsel.

Finally, this claim does not present a pure question of law. As demonstrated in the ACCA's opinion, any consideration of this claim would require consideration of facts regarding the existence of prejudice, the necessity of the evidence to the preliminary hearing process, and petitioner's waiver of part of this claim. Accordingly, the Court may not consider the merits of petitioner's second claim, which the Court therefore denies.

In the petition's third claim, petitioner contends that the Government failed to disclose particular evidence as *Brady* material and failed to investigate or preserve other

evidence.  Again, however, the Court may not consider the merits of this claim, as petitioner has failed to establish at least two of the four *Dodson* factors.[1]

First, although the ACCA did not directly discuss the claim of a *Brady* violation, petitioner raised this same issue on appeal, and the ACCA stated that the issue did not warrant discussion or relief.  *See Morris*, 2021 WL 1534837, at *1 n.3.  That treatment and denial by the appellate court is sufficient here to constitute adequate consideration of the claim.  *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, . . . the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue . . . ."), *quoted in Santucci*, 66 F.4th at 875.  Moreover, the ACCA did discuss the evidence at issue in the context of denying petitioner's claim that his counsel was ineffective in failing to seek the evidence in discovery; and it found (citing affidavits from petitioner's attorneys) that petitioner had filed to show that the particular items of evidence would have been useful to his defense.  *See Morris*, 2021 WL 1534837, at *10 & n.11.

Additionally, this claim turns on issues of fact, including whether the cited evidence contained exculpatory information.  Accordingly, the Court may not consider the merits of petitioner's third claim, which the Court therefore denies.

---

[1]  Respondent does not dispute that the *Brady* issue raises a constitutional issue; petitioner has not shown, however, that his broader claim concerning the Government's failure to investigate implicates any constitutional right.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied** with respect to its second and third claims.  The petition remains pending with respect to its first claim.

IT IS SO ORDERED.

Dated this 10th day of August, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge